**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH A.,<br>By his G/A/L LAURA M. GIORDANO,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>Defendant. | Civil Action No. 23-2823 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court upon Plaintiff Kenneth A.'s ("Plaintiff")[1] appeal from the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his request for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, Plaintiff's appeal is denied.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

I.      **BACKGROUND**[2]

In this appeal, the Court must consider whether the ALJ's finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and the ALJ's decision.

A.      **Procedural History**

On September 9, 2020, Plaintiff[3] filed an SSI application, which alleged disability beginning May 1, 2016. (AR 12.) Plaintiff's claim was denied both initially and on reconsideration. (*See id.*) On May 4, 2021, Plaintiff submitted a disability appeal and requested a hearing before an ALJ. (*See id.*)

On September 10, 2021, the ALJ held a telephone hearing, where Plaintiff's mother appeared and testified on behalf of Plaintiff. (*See id.*) On October 19, 2021, the ALJ issued a decision denying Plaintiff's disability application, finding that Plaintiff was not disabled under the Act. (*Id.* at 19.) Plaintiff appealed the decision. (*Id.* at 7-8.)

On March 22, 2023, the Social Security Administration's Appeals Council affirmed the ALJ's October 19, 2021 decision. (*Id.* at 1-6.) On May 24, 2023, Plaintiff filed an appeal to this Court. (*See generally* Compl. 1, ECF No. 1.)

B.      **The ALJ's Decision**

In his October 19, 2021 written decision, the ALJ concluded that Plaintiff was not disabled under the prevailing administrative regulations. (AR 19.) The ALJ set forth the Social Security

---

[2] The Administrative Record ("AR") is located at ECF No. 3. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

[3] Plaintiff was born in 2008 and thus is an individual under age 18. (Pl.'s Moving Br. 4, ECF No. 4.) Plaintiff's guardian ad litem, and mother, protectively applied for Plaintiff's SSI on his behalf. (AR 12, ECF No. 3.) Plaintiff is represented by an attorney. (*Id.*)

Administration's three-step sequential analysis for determining whether an individual under age 18 is disabled. (*Id.* at 12.) At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since September 9, 2020, the application date . . . ." (*Id.* at 13.) At step two, the ALJ determined that Plaintiff has several severe impairments: asthma, obesity, autism, attention deficit hyperactivity disorder ("ADHD"), and a developmental delay disorder. (*Id.*) Despite Plaintiff's several severe impairments, the ALJ determined that Plaintiff's impairments, both individually or in combination, did not meet or medically equate to one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 based on the medical evidence in the record. (*Id.* at 13-14.) Further, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that functionally equals the severity of the listings." (*Id.* at 14.) Specifically, the ALJ determined that Plaintiff has: (1) "a less than marked limitation in acquiring and using information"; (2) "a marked limitation in attending and completing tasks"; (3) "less than marked limitation interacting and relating with others"; (4) "less than marked limitation in moving about and manipulating objects"; (5) "less than marked limitation in caring for himself"; and (6) "less than marked limitation in health and well-being." (*Id.* at 14-18.) Because Plaintiff "does not have either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning[,]" the ALJ determined that Plaintiff does not have an impairment that medically or functionally equals a listing. (*Id.* at 18.) Based on these considerations, the ALJ found that Plaintiff was not under a disability for the purposes of Plaintiff's SSI claim. (*Id.* at 19.)

## II.    LEGAL STANDARD

### A.    Standard of Review

On appeal from the final decision of the Commissioner, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (citation omitted). In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is "supported by substantial evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted).

Even amid this deferential standard, the Third Circuit has explained that the court's review must be a qualitative exercise and requires a thorough examination of the ALJ's decision and the record:

> [The substantial evidence standard] is not . . . a talismanic or self-executing formula for adjudication; rather, our decisions make clear that determination of the existence *vel non* of substantial evidence is not merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the Secretary [of Health and Human Services] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion . . . . The search for substantial evidence is thus a qualitative exercise without which our

4

> review of social security disability cases ceases to be merely
> deferential and becomes instead a sham.

*Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) (citation omitted). It is, thus, necessary for

ALJs to analyze all probative evidence and set out the reasons for their decisions. *Burnett v.

Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). If the ALJ has not analyzed all

probative evidence and has not sufficiently explained the weight given to the evidence, a decision

is not supported by substantial evidence. *See Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir.

1979) ("[T]o say that [the] decision is supported by substantial evidence approaches an abdication

of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached

are rational.") (citation omitted). The ALJ must state both the evidence considered as well as the

evidence rejected. *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) ("Since it is apparent that

the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ

of the reason why probative evidence has been rejected is required so that a reviewing court can

determine whether the reasons for rejection were improper." (internal citation omitted)).

### B.      The Three-Step Process for Evaluating Whether a Child Is Disabled

The Court has established the following standard for determining whether an individual

under the age of 18 is disabled under the Act to be eligible for SSI:

> A child (i.e., an individual under the age of 18) is "disabled" if he or
> she "has a medically determinable physical or mental impairment,
> which results in marked and severe functional limitations, and which
> can be expected to result in death or which has lasted or can be
> expected to last for a continuous period of not less than 12 months."
> 42 U.S.C. § 1382c(a)(3)(C)(i). Regulations promulgated under the
> [Act] set forth a three-step sequential process for determining
> whether a child is disabled. 20 C.F.R. § 416.924. The claimant bears
> the burden of establishing these three steps. *See Poulos v. Comm'r
> of Soc. Sec. Admin.*, 474 F.3d 88, 92 (3d Cir. 2007).
>
> At step one, the ALJ assesses whether the child is currently engaging
> in substantial gainful activity. 20 C.F.R. § 416.924(b). If the child is

engaging in substantial gainful activity, then the child is not disabled and the ALJ's inquiry ends. *Id.* If the ALJ finds that the child is not engaging in substantial gainful activity, the ALJ proceeds to step two.

At step two, the ALJ determines whether the child suffers from a severe impairment or combination of impairments. *Id.* § 416.924(c). Absent such an impairment or combination of impairments, the child is not disabled. *Id.* Conversely, if the child has a severe impairment or combination of impairments, the ALJ proceeds to step three. *Id.* § 416.924(a).

At step three, the ALJ determines whether the child has an impairment or combination of impairments that meets, medically equals, or functionally equals a listing found in Appendix 1 of 20 C.F.R. Part 404, Subpart P. *Id.* § 416.924(d). If the child has an impairment that meets, medically equals, or functionally equals a listing, the child is deemed disabled under the SSA. *Id.* § 416.924(d)(1).

An impairment or combination of impairments "medically equals" a listing "if it is at least equal in severity and duration to the criteria of any listed impairment." *Id.* § 404.1526(a). To determine whether an impairment medically equals a listing, the ALJ considers all evidence in the record about the claimant's impairment that is relevant to a finding of medical equivalence. *Id.* § 416.926(c).

If "the child's impairment does not medically meet a listing . . . the examiner must determine whether the impairment functionally equals a listing." *Jaramillo v. Comm'r of Soc. Sec.*, 130 F. App'x 557, 560 (3d Cir. 2005). A child has an impairment or combination of impairments that "functionally equals" a listing if the child has either two "marked" limitations or one "extreme" limitation in the following domains: "(i) acquiring and using information, (ii) attending and completing tasks, (iii) interacting and relating with others, (iv) moving about and manipulating objects, (v) caring for yourself, or (vi) health and physical well-being." 20 C.F.R. §§ 416.926a(b)(1)(i)-(vi). A limitation is "marked" if it "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(2). Such a limitation is "'more than moderate' but 'less than extreme.'" *Id.* A limitation is "extreme" if it "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(3). While an extreme limitation is "more than marked," it is not necessarily the equivalent of "a total lack or loss of ability to function." *Id.* In determining whether an impairment or

combination of impairments "functionally equals" a listing, the ALJ considers "all the relevant factors," including the effectiveness of the child's medication, the child's ability to function in school, and the effects of structured settings on the child's performance. *Id.* §§ 416.926a(a)(1)-(3).

*Guzman o/b/o R.N. v. Comm'r of Soc. Sec.*, No. 19-16786, 2021 WL 973473, at *1-2 (D.N.J. Mar. 16, 2021).

## III.   **DISCUSSION**

Plaintiff alleges that the ALJ erred in finding that: (1) Plaintiff was less than markedly limited in acquiring and using information; and (2) Plaintiff was less than markedly limited in interacting and relating with others. (Pl.'s Moving Br. 3.) The Court considers each argument below.

### A.   **Ability to Acquire and Use Information**

"The domain of acquiring and using information measures how well a child acquires and learns information and how well a child uses the information he or she has learned." *Arias v. Comm'r of Soc. Sec.*, No. 13-5064, 2014 WL 5092623, at *8 (D.N.J. Oct. 9, 2014) (citing 20 C.F.R. § 416.926a(g)). "The ALJ may consider how a child perceives relationships, reasons, and expresses himself." *Amaya v. Comm'r of Soc. Sec.*, No. 19-287, 2020 WL 6336181, at *2 (D.N.J. Oct. 29, 2020) (citing 20 C.F.R. § 416.926a(g)(1)(ii)). Specifically, "[a]n adolescent (age 12 to 18) should be able to demonstrate what he has learned in school, apply learned skills to navigate daily living situations without assistance, and comprehend and express simple and complex ideas." *Id.* (citing 20 C.F.R. § 416.926a(g)(2)(v)). Examples of limited functioning in this domain may include "difficulty in understanding words about space, size, or time; rhyming; recalling things recently learned; solving math problems; or explaining oneself." *Id.* (citing 20 C.F.R. § 416.926a(g)(3)(i)-(v)).

Here, the Court finds that the ALJ's finding that Plaintiff has a less than marked limitation in acquiring and using information is supported by substantial evidence. *See Consol. Edison Co.*, 305 U.S. at 229. First, the ALJ acknowledged that Plaintiff has been diagnosed with autism and ADHD, and that Plaintiff is able to follow one-step directions but cannot handle "[five] tasks in one conversation." (AR 16.) The ALJ also considered that Plaintiff has an individualized education plan ("IEP"), is in a "small contained classroom," and had been attending classes virtually due to the COVID-19 pandemic. (*Id.*) Finally, the ALJ noted that Plaintiff reads very well—"as if he is in grammar school"—but does not read at his grade level, "is behind," and failed English in 2021. (*Id.*) The ALJ nonetheless determined that Plaintiff has a less than marked limitation in acquiring and using information because: (1) Plaintiff's WISC-V tests[4] in June 2016 and March 2019 revealed that Plaintiff has a full-scale I.Q. in the average range of intellectual functioning;[5] (2) Plaintiff's teacher noted that although Plaintiff reads on a fourth grade level and had "a serious problem reading and comprehending written material," Plaintiff "had no more than [an] obvious problem in the remaining realms of this domain"; (3) in February 2020, the Child Study Team made observations that Plaintiff "works well with reading and workshop model" both individually

---

[4] "The WISC-V is a general assessment that determines a full-scale IQ and breaks down its results by subject area, giving the evaluator specific indications of the [student's] cognitive strengths and needs." *Michael F. by & through Kevin F. v. Upper Darby Sch. Dist.*, No. 21-5653, 2023 WL 2815940, at *2 (E.D. Pa. Apr. 6, 2023).

[5] Specifically, the ALJ considered that the:

> administration of the WISC-V in June 2016 revealed a verbal I.Q. of 95; a performance I.Q. of 98; and a full-scale I.Q. of 101, which falls within the average range of intellectual functioning . . . . Similarly, administration of the WISC-V in March 2019 revealed a verbal I.Q. of 103; a performance I.Q. of 98; and a full-scale I.Q. of 103, which also falls within the average range of intellectual functioning[.]

(AR 16.)

and in a small group setting, "shows an interest in the subject matter and labs[,]" and asks for assistance when needed; and (4) Plaintiff was not held back a grade level, even though he failed English. (AR 16.)

In short, the ALJ properly considered the testimony from Plaintiff's mother, Plaintiff's test results, notes from Plaintiff's teachers and evaluators, and other evidence in the record to make his determination. (AR 16.) *See* SSR 09-3p, 2009 WL 396025, *3 (Feb. 17, 2009) (stating that although an ALJ should consider grades and aptitude test scores in determining the severity of a child's limitation in this domain, the ALJ should also consider "evidence about the child's ability to learn and think from medical and other non-medical sources . . . in all settings. . . ."). The Third Circuit has made clear that the Court is "bound to the Commissioner's findings of fact if they are supported by substantial evidence in the record[,]" and thus the Court affirms the ALJ's findings. *Morales*, 225 F.3d at 316 (citations omitted); *Amaya v. Comm'r of Soc. Sec.*, No. 19-287, 2020 WL 6336181, at *3 (D.N.J. Oct. 29, 2020) ("[A]lthough the evidence upon which [the plaintiff's mother] relies could support a contrary finding, there was substantial evidence to support the finding the ALJ did make—that [the plaintiff] did not have a marked limitation in acquiring and using information.").

Briefly, the Court addresses Plaintiff's two main arguments. First, Plaintiff argues that the ALJ failed to compare Plaintiff's performance to the performance of other same-aged children. (Pl.'s Moving Br. 8.) When assessing a child's abilities in any of the domains, an ALJ should "compare the child's functioning to the functioning of same-age children without impairments based on all relevant evidence in the case record." SSR 09-3p, 2009 WL 396025, *3 (Feb. 17, 2009). Here, the ALJ properly used Plaintiff's IEP to compare Plaintiff's performance to those of other same-age children, and thus Plaintiff's argument is without merit. *See Martin o/b/o N.D.M.*

*v. Kijakazi*, No. 20-1209, 2021 WL 5987268, at *4 (E.D. Pa. Dec. 16, 2021) (remanding in part because the ALJ failed to consider the child's sixth grade IEP, which stated that the child's "reading instructional level is that of a first-grade student" and is "highly relevant to the assessment of comparing a child's functioning to those of same-age children"); *see also Kijakazi*, 2021 WL 5987268, at *4 (citing 20 C.F.R. § 416.924a(b)(7)(iii)) ("Under Social Security regulations, the ALJ must consider the information in a minor [plaintiff's] IEP when determining [his] level of functioning.").

Second, Plaintiff asserts that the ALJ "violated SSR 09-lP by obtaining the domain rating by averaging the [P]laintiff's serious limitations in reading and comprehending material . . . with other limitations that the ALJ fails to specifically identify and instead vaguely groups together." (Pl.'s Moving Br. 8.) Certainly, the ALJ must not "'average' all of the findings in the evidence about a child's activities to come up with a rating for the domain as a whole." SSR 09-1P, 2009 WL 396031, *10 (Feb. 17, 2009). Yet, no such error was committed here. The ALJ properly considered contradictory evidence, such as that Plaintiff had a "serious problem reading and comprehending written material," but noted that Plaintiff had "no more than [an] obvious problem in the remaining realms of this domain" based on the other evidence summarized by the ALJ. (AR 16.) In short, the ALJ properly *resolved* any potential conflicting evidence as the factfinder and did not average Plaintiff's limitations. *See* 20 C.F.R. § 416.926a(n).

In sum, the Court finds that the ALJ did not err in finding that Plaintiff is less than markedly limited in acquiring and using information.

### B.   Ability to Interact and Relate to Others

"The domain of interacting and relating with others measures how well a child initiates and sustains emotional connections with others, develops and uses the language of his or her

community, cooperates with others, responds to criticism, and respects and takes care of the possessions of others." *Arias*, 2014 WL 5092623, at *9 (citing 20 C.F.R. § 416.926a(i)). The ALJ may consider "the child's response to persons in authority . . . [and] compliance with rules," as well as "the speech and language skills children need to speak intelligible and to understand and use the language of their community." *Robinson v. Comm'r of Soc. Sec.*, No. 13-916, 2014 WL 60057, at *11 (D.N.J. Jan. 6, 2014) (citing S.S.R. 09-5p).

Here, the Court likewise finds that the ALJ's finding that Plaintiff has a less than marked limitation in interacting and relating with others is supported by substantial evidence. The ALJ acknowledged that Plaintiff has been diagnosed with autism and ADHD, and that based on Plaintiff's mother's testimony, Plaintiff "has a hard time with children his own age" and is more comfortable with younger children. (AR 17.) The ALJ considered testimony by Plaintiff's mother that Plaintiff "has outbursts[,] . . . tantrums, . . . [and] meltdowns in school" and noted that Plaintiff "has been withdrawn since his father's passing on May 15, 2020 and stays in his room." (*Id.*) The ALJ also noted that Plaintiff "will talk to strangers as if they are his friends." (*Id.*)

The ALJ determined that the evidence in the record fails to establish a marked limitation in this domain because: (1) Plaintiff's occupational therapist noted that Plaintiff was friendly in a February 2020 IEP; (2) Plaintiff's "teachers noted that he had a positive attitude"; (3) Plaintiff works well individually and in small group settings, and "participate[s] in class discussion when called on; and (4) Plaintiff asks for assistance when needed. (*Id.*) Although the ALJ considered that Plaintiff's "June 2020 Adaptive Behavior Report from the Child Evaluation Center indicated that [Plaintiff's] communication standard score is 60, which corresponds with a percentile [r]ank of less than one" and is Plaintiff's weakest domain, the ALJ also weighed relevant counterevidence—namely, that a "November 2020 teacher's questionnaire did not indicate any

11

limitation in this domain" and that "[w]hile Ms. [Joanne] Dunnigan from the Child Evaluation Center noted low functioning in socialization based on Vineland examination findings in June 2020, . . . Ms. Dunnigan's conclusions were based largely on observations and reports from the [Plaintiff's] mother . . . ." (*Id.*)

In sum, the ALJ properly considered the record, weighed the evidence,[6] and sufficiently "explain[ed] the reasons for discounting contradictory evidence." *Zamor v. Colvin*, 2018 WL 5617557, at *4 (citing *Burnett*, 220 F.3d at 121-22).[7] Because the ALJ's decision is supported by substantial evidence, the Court affirms the ALJ's decision. *See Fargnoli*, 247 F.3d at 38 (citation omitted).

---

[6] Plaintiff argues that the ALJ erroneously characterized "the absence of evidence as conflicting evidence"—specifically, that the lack of indication of "any limitation in this domain" in the November 2020 teacher's questionnaire equates to a finding that Plaintiff is less than markedly limited in interacting and relating with others. (Pl.'s Moving Br. 14-15.) Not so. The ALJ weighed the evidence in the record as a whole to ultimately find that Plaintiff is less than markedly limited in interacting and relating with others; the ALJ's determination was not based on the November 2020 questionnaire alone. *See Zirnsak*, 777 F.3d at 610 (citation omitted) (stating that the Court must "review the record as a whole to determine whether substantial evidence supports a factual finding.").

[7] To the extent Plaintiff avers that the ALJ improperly averaged limitations, the Court adopts the same analysis *supra*, p. 10. Weighing counterevidence does not equate to averaging limitations.

## IV.    <u>CONCLUSION</u>

Based on the above, the Court finds that there is substantial evidence to support the ALJ's finding that Plaintiff was not disabled, as defined in the Social Security Act, during the alleged time period. The Court, accordingly, affirms the Commissioner's final decision and denies Plaintiff's appeal. An Order consistent with this Memorandum Opinion will be entered.


MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE